The Orenstein Trunk Company, Incorporated, by written lease dated December —, 1927, entered into with Flora Fried (now deceased), rented premises numbers 21-27 Richmond street, Newark, New Jersey, for ten years, at a rental of $3,000 for the first five years, and $3,300 for the balance of the term. On July 8th, 1932, the tenant wrote the landlord a letter as follows:
"Regarding new boiler and oil burner, our board of directors have authorized me to make arrangements with you or your mother regarding installation and payment, and that the Orenstein Trunk Company agree to have you install same at a cost not exceeding $1,600, payment to be made by an additional amount for rent of $135 per month, beginning August 1, 1933."
The landlord installed the boiler and oil burner sometime in the fall of 1932. On July 24th, 1934, David Bobker was appointed receiver for the Orenstein Trunk Company, Incorporated. *Page 547 
Prior to his appointment, and on July 19th, 1934, the landlord distrained for the rent for one year in the sum of $4,900.
This sum represented $3,300 rent reserved under the original lease, plus $1,600 for the installation of the boiler and oil burner. The landlord filed claim with the receiver, who after a hearing and testimony allowed $3,300 as a preferred claim and $1,600 as a general claim. The determination of the receiver is now before me on appeal.
The right of the parties by subsequent mutual agreement, to increase or decrease the rent reserved in the original lease for any portion of the remaining term cannot be questioned, and in the instant case, the tenant and the landlord saw fit for a valuable consideration to increase the rent by $135 beginning August 1st, 1933.
In Bloch v. Bell Furniture Co., 111 N.J. Eq. 551, the lease provided that the tenant in addition to the rent reserved, shall pay the amount of all taxes which may annually be assessed against the demised premises "in excess of the taxes for the year 1923 (which taxes amount to the sum of $3,102, and which shall be borne by the landlord) and also the amount of all municipal assessments which may be levied against the demised premises." The court of errors and appeals held "the parties to the lease agreed that the excess beyond a fixed amount would be paid in lump by the tenant as part of the total rent." We held inGreenspan Greenberger Co. v. Goerke Co., 112 N.J. Eq. 391, where the lease provided for payment of taxes as part of the annual rent, that the landlord was entitled to the statutory preference for the amount of the taxes accrued when the receiver took possession.
The determination of the receiver is reversed and the claim of $4,900 allowed as a preferred claim. *Page 548